UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                     **DECISION AND ORDER**
                                                                                      13-CR-17S (1)
STEVEN BENNETT,

                              Defendant.

## I. INTRODUCTION

Presently before this Court is Defendant Steven Bennett's Motion for Compassionate Release, which the government opposes. See 18 U.S.C. § 3582 (c)(1)(A). For the reasons discussed below, Bennett's motion is denied.

## II. BACKGROUND

On August 14, 2017, Bennett pleaded guilty to conspiring to possess with intent to distribute, and to distribute, 50 grams or more of methamphetamine, and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, as well as to conspiring to commit money laundering, in violation of 18 U.S.C. § 1956 (h). (Docket Nos. 380, 381.) Approximately five months later, on January 9, 2018, this Court sentenced Bennett to 180 months' imprisonment on each count (concurrent), 5 years' and 3 years' supervised release (concurrent), a $200 special assessment, with no fine, fees or costs. (Docket Nos. 436, 439.) Bennett is presently serving his sentence at FCI Edgefield, with a release date of October 30, 2025. (See Sentence Computation Sheet, Docket No. 519, p. 34.)

On April 2, 2021, Bennett filed a pro se motion for compassionate release under 18 U.S.C. § 3582 (c)(1)(A)(i) on the basis that he is at heightened risk of severe illness from COVID-19 due to his medical conditions, which include diabetes, hypertension,

1

hyperlipidemia, and obesity.  (Docket No. 519.)  The government opposed Bennett's motion on May 7, 2021.  (Docket Nos. 523, 526.)  Bennett had the opportunity to reply by June 4, 2021, but did not file any further submissions.  (Docket No. 522.)  Upon the expiration of the reply period, this Court took Bennett's motion under advisement without oral argument.

## III. DISCUSSION

### A.    Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A)(i)

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[1] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[1] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release after proper exhaustion.  See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).  The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions.  See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

2

Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute. See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020). A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions. See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020). If the court finds, after consideration of the applicable 18 U.S.C. § 3553 (a) factors, that the defendant has met this burden, it may reduce the defendant's sentence under the statute. See 18 U.S.C. § 3582 (c)(1)(A)(i); see also United States v. Gileno, 448 F. Supp. 3d 183, 185 (D. Conn. 2020).

The statutory exhaustion requirement is mandatory and "must be strictly enforced." United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (citing Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004)); United States v. Cassidy, 17-CR-116S, 2020 WL 1969303, at *3-8 (W.D.N.Y. Apr. 24, 2020) (finding exhaustion mandatory). The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, [2] or (2) 30 days lapse from the date the warden of the

---

[2] The Scparta court explained the administrative process before the Bureau of Prisons as follows:

> First, an inmate must request the warden of her facility to file a compassionate-release motion on her behalf. 28 C.F.R. § 571.61 (a). Second, if the warden denies the prisoner's request, she has 20 days to appeal to the BOP's Regional Director. Id. § 571.63 (a) (providing that denials of compassionate-release requests are governed by the BOP's

3

defendant's facility receives the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).  See 28 U.S.C. § 994 (t).  The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.  The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction: "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  See U.S.S.G. § 1B1.13.

At issue here are the "Medical Condition of the Defendant" and "Other Reasons" examples.  The "Medical Condition of the Defendant" example provides as follows:

> Medical Condition of the Defendant—
>
> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease

---

general Administrative Remedy Program, contained in 28 C.F.R. §§ 542.10-542.19); id. § 542.15 (a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.").  Third, if the Regional Director denies the prisoner's request, she then has 30 days to appeal to the BOP General Counsel.  Id. § 542.15 (a).  A decision from the General Counsel is the final step in the BOP's Administrative Remedy Program, id., and therefore "constitutes a final administrative decision," id. § 571.63 (b).

United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020).

4

      and advanced dementia.

  (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 comment n. 1 (A).

The "Other Reasons" example is a catch-all provision encompassing "an extraordinary and compelling reason other than, or in combination with, the [other] reasons described."[3]  Id. n. 1 (D).

As it relates to the requirement that a sentence reduction be consistent with the applicable Sentencing Guidelines provisions, U.S.S.G. § 1B1.13 is once again the relevant provision.  It provides that a court may reduce a sentence if, after consideration of the 18 U.S.C. § 3553 (a) factors, it determines that

  (1) (A) extraordinary and compelling reasons warrant the

---

[3] The Bureau of Prisons has implemented a Program Statement to guide its own implementation of 18 U.S.C. § 3582 (c)(1)(A).  See Bureau of Prisons Program Statement 5050.50, eff. January 17, 2019 (available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query# (last visited June 11, 2021)). But this Program Statement does not constrain this Court's consideration of what qualifies as extraordinary and compelling reasons for compassionate release.  As the Second Circuit recently held, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.  Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." United States v. Brooker, 976 F.3d 228, 234-37 (2d Cir. 2020); see also United States v. Marks, 455 F. Supp. 3d 17, 22-25 (W.D.N.Y. 2020) (finding that post-First Step Act, district courts are no longer bound by the specific categories warranting sentence reduction identified by the Sentencing Commission in U.S.S.G. § 1B1.13, including affording any deference to the Director for purposes of U.S.S.G. § 1B1.13 comment n. 1 (D) ("Other Reasons")).

> reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559 (c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142 (g); and
>
> (3) the reduction is consistent with this policy statement.

See U.S.S.G. § 1B1.13.

Finally, district courts have broad discretion in deciding whether to grant or deny motions for sentence reduction. See Gileno, 448 F. Supp. 3d at 186.

**B.    Bennett's Motion for Compassionate Release**

   **1. Exhaustion of Administrative Rights**

As indicated above, 18 U.S.C. § 3582 (c)(1)(A) contains a threshold exhaustion requirement. To satisfy this requirement, a defendant must demonstrate that either (1) he or she fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, or (2) 30 days have lapsed from the date the warden of the defendant's facility received the defendant's request to file such a motion on his or her behalf. See 18 U.S.C. § 3582 (c)(1)(A).

For reasons discussed at length in two previous decisions (fully incorporated herein), this Court has found that the statutory exhaustion requirement is mandatory and cannot be excused. See Cassidy, 2020 WL 1969303, at *3-8; United States v. Schultz, 454 F. Supp. 3d 217, 220-223 (W.D.N.Y. 2020); accord United States v. Montanez, 458

F. Supp. 3d 146, 149-160 (W.D.N.Y. 2020) (finding § 3582 (c)(1)(A)'s exhaustion requirement mandatory).

Here, Bennett submitted his request for compassionate release to the warden of the Great Plains Correctional Facility[4] on February 16, 2021, which the warden denied on February 22, 2021.  (Motion for Compassionate Release, Docket No. 519, pp. 37, 38.)  Thirty days having lapsed since February 16, 2021, this Court finds that Bennett has satisfied the statutory exhaustion requirement, and the government concedes as much.  (See Memorandum of Law, Docket No. 523, p. 2.)

**2. Extraordinary and Compelling Reasons for Sentence Reduction**

Bennett has served approximately 100 months of his 180-month sentence, or about 55% of it.  (Sentence Computation Sheet, Docket No. 519, p. 35.)  He is nearly 51 years old and suffers from several documented medical conditions, including diabetes, hypertension, hyperlipidemia, and obesity, all of which he argues makes him highly susceptible to severe illness from COVID-19.  Bennett's recent medical records confirm these diagnoses and the government does not dispute them.  (Docket No. 526.)  Those records also reveal that Bennett has received a COVID-19 vaccine and is now completely inoculated.  (See id. pp. 6, 27, 37.)

Having thoroughly reviewed the record, this Court first finds that Bennett's medical conditions do not constitute an extraordinary and compelling reason for a sentence reduction under the medical-condition section of U.S.S.G. § 1B1.13.  There has been no

---

[4] During the pendency of this motion, the Bureau of Prisons moved Bennett from Great Plains Correctional Facility to FCI Edgefield, where he is currently located.  This moots Bennett's argument that the conditions at Great Plains increase his likelihood of exposure to COVID-19.  See United States v. Diallo, 19-CR-189 (VSB), 2021 WL 2183089, at *3 (S.D.N.Y. May 27, 2021) (finding that transfer during pendency of compassionate-release motion moots arguments concerning conditions at prior facility).

demonstration that the conditions are terminal illnesses (i.e., a serious and advanced illness with an end-of-life trajectory), see U.S.S.G. § 1B1.13 comment n. 1 (A)(i); nor do they constitute a serious condition, impairment, or age-related deterioration that substantially diminishes Bennett's ability to provide self-care, see U.S.S.G. § 1B1.13 comment n. 1 (A)(ii).  See United States v. Korn, 15-CR-81S, 11-CR-384S, 2020 WL 1808213, at *3-6 (W.D.N.Y. Apr. 9, 2020).  Moreover, there is no indication that Bennett's conditions require any sort of specialized care or care that the Bureau of Prisons is unable to provide.

As for the "Other Reasons" section of U.S.S.G. § 1B1.13 comment n. 1 (D), which provides for relief if there exist extraordinary and compelling reasons for sentence reduction other than (or in combination with) what is specifically prescribed, Bennett argues that his medical conditions make him highly susceptible to severe illness from COVID-19.  See United States v. Resnick, 451 F. Supp. 3d 262, 270 (S.D.N.Y. 2020) (considering compassionate-release request based on a defendant's high susceptibility to COVID-19 under the "catch-all" provision of U.S.S.G. § 1B1.13 comment n. 1 (D)).  This Court is unconvinced.

First, although there is no dispute that Bennett suffers from medical conditions identified by the Centers for Disease Control and Prevention ("the CDC") as placing one at high risk for severe illness from COVID-19—diabetes, hypertension, and obesity[5]—there is no indication that Bennett's conditions are not well managed, and he is now fully inoculated against COVID-19.  See United States v. Rudkin, Crim. No. 3:08-cr-177

---

[5] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 11, 2021).

8

(AWT), 2021 WL 2109182, at *1 (D. Conn. May 25, 2021) (finding that "the fact that the defendant has been vaccinated means that his medical conditions no longer support a conclusion that the more severe illness or death from COVID-19 presents an extraordinary and compelling reason warranting reduction of his sentence"); United States v. Hines, 17-CR-364-2 (CS), 2021 WL 2077982, at *2 (S.D.N.Y. May 24, 2021) (finding that inoculation weighs against a finding of extraordinary and compelling reasons for a sentence reduction based on medical conditions).

Second, Bennett is housed at FCI Edgefield, which reports no inmate and no staff cases of COVID-19.[6]  The measures taken by the BOP at FCI Edgefield have therefore proven effective at quelling the spread of the virus.  As this Court and others have found, the mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme.  See United States v. Scott, 09-CR-341S, 2020 WL 5587122, at *5 (W.D.N.Y. Sept. 18, 2020) (denying compassionate release to defendant in high-risk category who made no showing of Bureau of Prisons failures); United States v. Stevens, 459 F. Supp. 3d 478, 486 (W.D.N.Y. 2020); Korn, 2020 WL 1808213, at *6; see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); United States v. Gold, 459 F. Supp. 3d 1117, 1120 (N.D. Ill. 2020) (finding that

---

[6] See https://www.bop.gov/coronavirus/ (last visited June 11, 2021).

COVID-19 does not "warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease"); United States v. Gagne, 451 F. Supp. 3d 230, 235 (D. Conn. 2020) (denying compassionate release where the defendant failed to show "that the [Bureau of Prisons] cannot adequately manage the [COVID-19] pandemic or treat her to a reasonable degree"); Gileno, 448 F. Supp. 3d at 188 ("Mr. Gileno has also not shown that the plan proposed by the Bureau of Prisons is inadequate to manage the pandemic within Mr. Gileno's correctional facility, or that the facility is specifically unable to adequately treat Mr. Gileno.").

Consequently, although Bennett has demonstrated (and the government concedes) that he falls into the high-risk category, he is fully inoculated and has failed to show that FCI Edgefield's present plan and efforts to combat COVID-19 are inadequate or that the facility is unable to adequately treat him if he falls ill. To the contrary, it appears that FCI Edgefield's efforts are working since it is currently reporting no positive cases. Thus, Bennett fails to demonstrate an extraordinary and compelling reason for a sentence reduction under U.S.S.G. § 1B1.3 comment n. 1 (D) based on COVID-19. See United States v. Quinones, 13-CR-83S (1), 2020 WL 4529365, at *5 (W.D.N.Y. Aug. 6, 2020) (finding no extraordinary or compelling reasons for compassionate release for high-risk defendant in facility with 53 inmate cases); United States v. Koehn, 10-CR-264S, 2020 WL 4361675, at *7 (W.D.N.Y. July 30, 2020) (finding no extraordinary or compelling reasons for compassionate release for high-risk defendant in facility with positive cases); Stevens, 2020 WL 2393306, at *6-7 (denying compassionate release to defendant in facility with no reported cases alleging only the general possibility of contracting COVID-19); Korn, 2020 WL 1808213, at *6-8 (denying compassionate release to defendant who

failed to show inadequacy in Bureau of Prisons plan or ability to treat him).

Accordingly, for all of these reasons, this Court finds that Bennett has failed to show an extraordinary and compelling reason warranting a sentence reduction and release.

### 3. Consideration of the § 3553 (a) Factors

Even if Bennett had demonstrated extraordinary and compelling reasons for a sentence reduction (which he has not), this Court would find that those reasons are outweighed by consideration of the § 3553 (a) factors, and that Bennett's original sentence would be severely undermined by a sentence reduction. See 18 U.S.C. § 3582 (c)(1)(A) (requiring consideration of the applicable § 3553 (a) factors); see also Ebbers, 432 F. Supp. 3d at 430-31.  The § 3553 (a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553 (a).

Bennett was a high-level drug trafficker and money launderer who dealt in cocaine, heroin, and methamphetamine. (Presentence Investigation Report, Docket No. 398, ¶ 7.) Through an extensive network, he shipped controlled substances from California to Buffalo, New York, using multiple addresses and post offices.  Id.  Bennett and others then sold the controlled substances throughout the Western New York area and laundered the proceeds using multiple bank branches.  Id.  In particular, Bennett introduced high-grade methamphetamine into the Buffalo area at a time when it was not

yet widespread, and he pushed for its sale throughout the community. (Sentencing Transcript, Docket No. 464, p. 19.) He also engaged in this conduct after having previously been convicted of a federal drug felony. (Presentence Investigation Report, ¶ 53.)

For this serious criminal conduct, Bennett faced a statutory maximum of life imprisonment for his drug conviction and a combined guideline imprisonment range of 210-262 months. (Id. ¶¶ 65, 66.) Despite this significant exposure, this Court imposed a non-guidelines sentence of 180 months, which was more than a fair, just, and reasonable sentence, and one that, in this Court's view, would be severely undermined by a reduction to time served. Such a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the defendant. See 18 U.S.C. § 3553 (a). Such a reduction would also result in unwarranted sentencing disparities, particularly given Bennett's status as a repeat offender. Id. Accordingly, consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction.

**4. Consistency of a Reduction with U.S.S.G. § 1B1.13**

Finally, even if Bennett had demonstrated extraordinary and compelling reasons for a sentence reduction that are not outweighed by consideration of the § 3553 (a) factors (which he has not), this Court would find that a sentence reduction is not consistent with U.S.S.G. § 1B1.13. See 18 U.S.C. § 3582 (c)(1)(A) (requiring that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commission); U.S.S.G. § 1B1.13 (2). This inquiry requires a determination as to whether the defendant

poses a danger to the safety of any person or to the community if released.

Bennett is a criminal history category III, with multiple arrests and two felony drug convictions. (Presentence Investigation Report, ¶ 55.) He also has a previous affiliation with a gang-like drug-trafficking organization that called itself "the Taliban." (Id. at ¶ 53.) In this Court's view, Bennett's prior gang affiliation, multiple convictions, and history of large-scale drug trafficking of multiple drug types makes him a danger to the safety of the community if released at this time. A sentence reduction in this case would therefore not be consistent with U.S.S.G. § 1B1.13.

## IV. CONCLUSION

For all of the reasons stated above, this Court finds that compassionate release and a sentence reduction under 18 U.S.C. § 3582 (c)(1)(A)(i) is not warranted. Bennett's motion will therefore be denied.

## V. ORDER

IT HEREBY IS ORDERED, that Bennett's Motion for Compassionate Release (Docket No. 519) is DENIED.

FURTHER, that the Clerk of Court is directed to send a copy of this decision to Petitioner at his correctional facility of record.

SO ORDERED.

Dated:   June 14, 2021
         Buffalo, New York

                                                          s/William M. Skretny
                                                        WILLIAM M. SKRETNY
                                                        United States District Judge